# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THE CORNELIA I. CROWELL GST
TRUST, Individually and On Behalf Of All
Others Similarly Situated,

        Plaintiff,

vs.                                                          Civ. No. 04-1016 JCH/DJS

ACTION PERFORMANCE COMPANIES, INC.,
FRED D. WAGENHALS, and R. DAVID MARTIN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Transfer Case to the District of Arizona, filed March 28, 2005 **[Doc. No. 5]**. Defendants have not filed a response to the Motion, and Plaintiff has indicated that Defendants are amendable to the granting of the Motion. The Court having considered the unopposed motion, brief, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be granted.

### BACKGROUND

Plaintiff, the Cornelia I. Crowell GST Trust ("Plaintiff"), brings this case as a securities class action lawsuit on behalf of public investors who purchased publicly traded securities of Action Performance Companies, Inc. ("Action Performance") during the period of July 23, 2003, through October 22, 2003 (the "Class Period").

Plaintiff is a California resident. Defendant Action Performance is an Arizona Corporation that designs, markets, promotes, and distributes licensed motorsports merchandise, including motorsports-related die-cast car replica collectibles, apparel, souvenirs, and other memorabilia.

Defendant Action Performance's principal executive offices are located in Tempe Arizona. Defendants Fred D. Wagenhals and R. David Martin reside and work in the District of Arizona.

Plaintiff alleges that Defendant Action Performance and certain of its executive officers participated in a fraudulent scheme and deceptive course of business in violation of the Securities Exchange Act of 1934.  Specifically, Plaintiff alleges that during the Class Period defendants made material misrepresentations and omissions concerning the operations, financial performance and prospects of Action Performance, which caused the price of the company's securities to be come artificially inflated, thereby inflicting damages upon investors.

On September 9, 2004, Plaintiff filed the instant action, and on November 10, 2004, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B), Plaintiff moved for appointment as lead plaintiff and for approval of lead plaintiff's selection of lead counsel.  Plaintiff's motion for appointment as lead plaintiff is pending.  Plaintiff filed its Motion to Transfer Case to the District of Arizona on March 28, 2005.  Plaintiff indicated in its Motion that Defendants are amenable to the transfer of this case to the District of Arizona. Defendants did not respond or otherwise object to Plaintiff's Motion.  To date, no substantive proceedings have taken place.

## DISCUSSION

Pursuant to 28 U.S.C. Section 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); *see also Lynn v. Purdue Pharma Co*., 2004-2 Trade Cas. (CCH) P74,473 (D.N.M. 2004) (citing 28 U.S.C. § 1404(a)).  This statute

was enacted to allow easy transfer of a case when justice so requires.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *see also Lynn*, 2004-2 Trade Cas. (CCH) P74,473.  A party moving to transfer a case pursuant to Section 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).  Discretion to transfer a case resides in the district court in which the case originally was brought and the decision to transfer should be considered on an individualized, case-by-case basis.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Lynn*, 2004-2 Trade Cas. (CCH) P74,473.

In deciding a motion to transfer venue, a court must, as an initial matter, determine whether the case "might have been brought" in the proposed transferee district.  *See* 28 U.S.C. § 1404(a).  The phrase "where it might have been brought" contained in Section 1404(a) means a district in which a plaintiff, as an original matter and independently of the wishes of a defendant, had a right to sue.  *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  In deciding whether this case "might have been brought" in the District of Arizona, the Court must determine whether Plaintiff could have established personal jurisdiction and venue in that district.  *See, e.g.*, *Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*, 775 F. Supp. 759, 762 (D. Del. 1991).

This case alleges violations of the federal Securities and Exchange Act of 1934.  Venue, therefore is established pursuant to 28 U.S.C. Section 1391(b), which provides in relevant part that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought . . . in . . . a judicial district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(b).  For purposes of venue, a corporate defendant is deemed to

reside at its principal place of business, or alternatively, in its state of incorporation. *See, e.g.*, *Burstein v. Applied Extrusion Tech., Inc.*, 829 F. Supp. 106, 111 (D. Del. 1992); *S-Fer Int'l, Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211, 214 (S.D.N.Y. 1995).  Defendant Action Performance is incorporated in, and maintains its executive offices in, the District of Arizona.  The individual Defendants Fred D. Wagenhals and R. David Martin both reside in the District of Arizona.  Because all Defendants reside in the District of Arizona, venue is proper in that district. Plaintiff likewise would have had personal jurisdiction over the individual Defendants, who work and reside in Arizona, in the transferee district.  Accordingly, this action "might have been brought" in the District of Arizona.

In evaluating a Section 1404(a) motion, a court next must determine whether transferring the case would result in greater convenience to the parties and the witnesses. *See* 28 U.S.C. § 1404(a).  Here, Plaintiff itself seeks, and Defendants themselves are amenable to, the transfer of this case to the District of Arizona.  In addition, based upon the parties' geographical locations, litigating this case in the District of Arizona would be more convenient for the parties.  All Defendants, corporate and individual, reside in Arizona, and the individual Defendants work in Arizona.  Litigating this case in the transferee district, therefore, is substantially more convenient, and less expensive, for Defendants than litigating the case in the District of New Mexico.  *See Kirschner Bros. Oil, Inc. v. Pannill*, 697 F. Supp. 804, 807 (D. Del. 1988) (reduction of interference with conduct of Defendant's business is an important factor in balancing convenience).  In addition, although Plaintiff is a California resident, and will have to undertake some travel, regardless of whether this case is heard in the District of New Mexico or Arizona,

California is closer to Arizona than it is to New Mexico.

Convenience to witnesses also weighs in favor of transferring this case to the District of Arizona. Courts determine convenience to witnesses by reference to the witnesses' residence in relation to the district in which the action is pending and the proposed transferee district. *Cf. Burstein*, 829 F. Supp. at 111-12. Plaintiff anticipates that the majority of key witnesses are likely to work and reside within the District of Arizona. Consequently, litigating this case in the proposed transferee district will be more convenient, and less expensive, for the witnesses in the case.

Finally, in considering a Section 1404(a) motion, a court must determine whether transferring the action is consistent with the interests of justice. *See* 28 U.S.C. § 1404(a). The "interests of justice" factor "'embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses.'" *Gen 17, Inc. v. Sun Microsystems, Inc.*, 953 F. Supp. 240, 243 (N.D. Ill. 1997) (quotation omitted). To this end, the Tenth Circuit has considered difficulties that may arise from congested dockets of the courts and any considerations of a practical nature that make a trial easy, expeditious, and economical. *See, e.g.*, *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation omitted); *Lynn*, 2004-2 Trade Cas. (CCH) P74,473.

This litigation is in its earliest stage, no substantive proceedings have taken place, and Plaintiff has not yet filed an amended Complaint (which it has represented that it intends to file). Transferring this case would not result in congesting a docket. Statistics complied by the Administrative Office of the United States Courts indicate that in 2004 the median time from filing

5

to disposition of civil cases was 11.1 months in the District of New Mexico and 10.4 months in the District of Arizona. *See* Statistics Div., Admin. Office U.S. Courts, Federal Judicial Caseload Statistics, Table C-5 (Mar. 31, 2004). Finally, no practical considerations have been brought to this Court's attention that would make trial less expeditions or economical in the District of Arizona. Accordingly, transferring this case to the District of Arizona is consistent with the interests of justice.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Plaintiff's Motion to Transfer Case to the District of Arizona, filed March 28, 2005 **[Doc. No. 5]**, is hereby GRANTED.

Dated this 8th day of August 2005.

                                                  JUDITH C. HERRERA
                                                  UNITED STATES DISTRICT JUDGE